Bessie G. SELF, Appellant,

v.

Charles A. THORNTON, Sr., et ux., Appellees.

No. 7255.

Court of Civil Appeals of Texas.

Texarkana.

Nov. 29, 1960.

Rehearing Denied Jan. 24, 1961.

Harkness & Friedman, Texarkana, for appellant.

Jones, Brian & Jones, Marshall, for appellees.

CHADICK, Chief Justice.

This is a deed cancellation case. The judgment of the trial court is affirmed in part and in part reversed and rendered.

Mr. Owen Pipes applied to the County Court of Bowie County on May 8, 1958, to probate an instrument dated March 31, 1953, as the Last Will and Testament of Mrs. Kittie M. Baker, deceased. Mrs. Bessie G. Self, a single woman, filed a contest of the Pipes application, and tendered for probate as the Last Will and Testament of Mrs. Baker an instrument dated June 1, 1955. Thereafter, Eunice Thornton and husband, Charles Thornton, Sr., filed an application to probate an instrument dated the 9th day of November, 1954, as Mrs. Baker's Last Will and Testament, and followed this with an amended application, tendering in the alternative instruments dated April 21, 1955, and June 23, 1955, each separately as the Last Will and Testament of Mrs. Baker. Each of the applicants contested the application of the instruments proffered by other applicants. The Pipes' application and the Thornton application were numbered and treated as separate cases, but the various applications and the contests thereof were tried in a joint hearing.

Before judgment in the County Probate Court Mrs. Bessie G. Self withdrew her application to probate the instrument dated June 1, 1955. The court entered judgment probating the instrument dated March 31, 1953, proffered by Owen Pipes, and denied probation of the other instruments and all relief sought by Mrs. Self or Mr. and Mrs. Thornton. Appeals were perfected to a District Court of Bowie County. The Thorntons appealed the action of the probate court in each case, and Mrs. Self appealed from the order probating the will offered by Owen Pipes.

In the District Court the Thorntons filed an action against Mrs. Self to cancel a Deed dated June 1, 1955, by which Mrs. Kittie M. Baker conveyed to Bessie G. Self a house and lot in the City of Texarkana, Texas, but reserved a life estate therein. Over objection of Mrs. Self the cancellation suit and the appeals from the Probate Court were consolidated for trial in the District Court.

Trial in the District Court yielded jury answers to special issues which established that Mrs. Baker had testamentary capacity when she executed the instrument dated March 31, 1953, and that the instrument was not procured as the result of undue influence exercised upon her by Mr. and Mrs. Owen Pipes; that Mrs. Baker had mental capacity to understand the nature and effect of her act in making the deed dated June 1, 1955, but that Mrs. Baker executed such deed as the result of undue influence exercised upon her by Mrs. Self; that Mrs. Baker had testamentary capacity at the time she executed the instrument dated November 9, 1954, and that it was not procured as the result of undue influence exercised upon her by Mr. and Mrs. Thornton; that Mrs. Baker also had testamentary capacity at the time she executed the Will dated April 21, 1955, and that such instrument was not procured as the result of undue influence exercised upon her by Mr. or Mrs. Thornton. The jury likewise found that Mrs. Baker had testamentary capacity at the time she executed the instrument dated June 23, 1955, but found that such instrument was procured as the result of undue influence exercised on her at the time by Mr. or Mrs. Thornton.

In conformity with the jury's answers, judgment was entered that the order of the County Court admitting the Will offered for probate by Owen Pipes be held for naught, the instrument dated April 21, 1955 be admitted to probate, and the Deed of June 1, 1955 cancelled. From this judgment of the District Court only Mrs. Bessie G. Self has appealed. She has briefed 25 points of error. The view taken of the appeal by this court makes it necessary to discuss only questions associated with appellant's contention that there is no evidence to support the jury finding that Kittie M. Baker executed and delivered the Deed of June 1, 1955 as the result of undue influence exerted over her by Bessie G. Self.

A review of the question of "no evidence" as presented by this record requires this court to analyze the proof made and all reasonable deductions and inferences therefrom giving it its most favorable meaning to determine if it will support the assailed jury finding of undue influence. Curry v. Curry et al., 153 Tex. 421, 270 S.W.2d 208; Truelove v. Truelove, Tex. Civ.App., 266 S.W.2d 491, writ refused.

When the issue of undue influence is raised by pleadings, evidence of infirmity of mind and willpower produced by age, ill-health, or other reasons, surroundings and circumstances attending the execution of the instrument, opportunity for the exertion of influence that would trammel or destroy the exercise of free agency, unnatural, unreasonable, improvident, or unjust disposition of property and other facts capable of shedding light upon the question will be weighed by the court in the search to ferret out undue influence. Truelove v. Truelove, supra; Griffin v. Camp, Tex.Civ.App., 272 S.W.2d 129, n. r. e.; Long v. Long, 133 Tex. 96, 125 S.W.2d 1034; Russell v. Boyles, Tex.Civ.App., 29 S.W.2d 891, n. w. h.; Craycroft v. Crawford, Tex.Com.App., 285 S.W. 275, op. adopted. Generally, rules for determining the existence of undue influence apply substantially alike to wills, deeds, and other instruments. Guedry v. Jordan, Tex.Civ. App., 268 S.W. 191, n. w. h.; Shelton v. Shelton, Tex.Civ.App., 281 S.W. 331, n. w. h.

The appellees asserted that the facts and circumstances now to be related in combination with Mrs. Baker's unnatural gift of property to Mrs. Self inferentially proves the exertion of undue influence by Mrs. Self over Mrs. Baker at the time of the execution of the Deed. The two lawyers in the legal firm that prepared the Deed and represented Mrs. Self in the Probate District, and this court did not testify. Mrs. Baker's condition of mind and willpower at the time of the execution of the Deed was such as to be the subject of

undue influence, considering her advanced age of 76 years and the evidence of peculiar conduct and probable hallucinations in the record, together with certain admissions in this respect contained in a pleading filed by Mrs. Self. Mrs. Self lived in Mrs. Baker's home at the time the Deed was made, and had for a long period beforehand. She was in the office of the lawyers who drafted the Deed at the time of its execution, but not in the same room with Mrs. Baker when she signed and acknowledged it, and received the ten dollars consideration mentioned in the deed. The only evidence of consideration other than the ten dollars being that Mrs. Self assumed some degree of responsibility for Mrs. Baker's welfare for an indefinite time before Mrs. Baker's death. The notary, an employee of the law firm where the deed was drafted, thought it necessary to, and did explain the effect of the deed several times to Mrs. Baker. A will giving to Mrs. Self, after payment of just debts, all of Mrs. Baker's property of every character (except One Dollar, and love and affection bequeathed to Mercedes Logan) was made in the same law office under the same circumstances, at the same time and place as the deed. A witness adverse to Mrs. Self, in an unresponsive answer to a question stated that Mrs. Self "neglected Kittie like a dog", and gave the following testimony:

"Q. Did you observe Mrs. Self in her treatment of Mrs. Baker? A. Yes, I think she neglected her shamefully.

"Q. Was she able to control her and manage her? A. She wouldn't try to. She wouldn't admit she was mentally unbalanced.

"Q. Could she cause Mrs. Baker to do about anything she wanted her to? A. I would say she could."

Evidence was admitted that Mrs. Baker stated in an insurance claim at a time subsequent to the date of the deed that she was the unqualified fee owner of the property described in the deed, and Mrs. Self signed the instrument as a witness. A contractor doing some work on the Baker house at some time after the deed was executed testified that Mrs. Self told him she was just a roomer in Mrs. Baker's home. Evidence was admitted that twenty days after execution of the deed Mrs. Baker said to Mrs. Thornton and Mrs. Thornton's sister: "She made me do it; and I want to go up and get it changed." There was other evidence that Mrs. Baker stated to a friend of Mrs. Thornton that it was her intention to give Mrs. Thornton her property when she (Mrs. Baker) died. All the testimony noticed in this paragraph was admitted over objection of counsel for Mrs. Self.

Before proceeding further, the declarations made by Mrs. Baker after the execution of the deed must be examined apart from the other evidence to determine its probative value in establishing undue influence. The rule seems to be that any declaration made by Mrs. Baker after the execution and delivery of the deed is not competent evidence to prove that the deed was the result of the exercise of undue influence over her by Mrs. Self; Edwards v. Williams, Tex.Civ.App., 291 S.W. 2d 783; Stewart v. Miller, Tex.Civ.App., 271 S.W. 311, writ refused; Curry v. Curry, supra; though Mrs. Baker's statements made within a reasonable period after the date of execution of the deed were admissible on the issues of competency to make the wills offered for probate. Scott v. Townsend, 106 Tex. 322, 166 S.W. 1138. In this instance, Mrs. Baker's declarations are relied upon as a part of the factual circumstances inferentially proving undue influence. It follows that these declarations are to be disregarded in determining whether or not undue influence was exercised by Mrs. Self upon Mrs. Baker at the time the deed was made.

The statements of the witness concerning Mrs. Self's neglect and treatment of Mrs. Baker are opinions, and likewise

will be disregarded. Also the opinion this witness expressed that Mrs. Self could make Mrs. Baker do about anything she wanted her to has no probative value. See 32 C.J.S. Evidence § 471, subd. d, p. 115.

█ Although each case must be judged by its own facts, Long v. Long, supra, it is instructive to notice that in Curry v. Curry, supra, the Supreme Court said the single fact that the grantee selected, advised, and paid the attorney who prepared the deed did not support a legal conclusion that the Deed was a product of undue influence. Hollar v. Jowers, Tex.Civ. App., 310 S.W.2d 721, holds that opportunity to exercise undue influence over an aged or infirm person standing alone is not sufficient to show undue influence. Russell v. Boyles, supra, holds that opportunity to exert undue influence, age, physical condition, or preference of one child over another does not support an undue influence finding unless the gift is an unnatural one.

█ On June 1, 1955, when the deed was made, Mrs. Self was living in the home of Mrs. Baker, at Mrs. Baker's invitation, and had been for a considerable period of time. Mrs. Baker had been a widow since the death of her husband in 1949, and drew a pension of slightly more than one hundred dollars per month from the Railroad Retirement Board. She was childless, although there is evidence that she and her husband reared a child known in this record as Mercedes Logan. From the transcript brought forward from the County Court it might be concluded that Mrs. Baker had some nieces and nephews living outside of Texas. There is no evidence that the foster daughter, or any of her kin, lived near her or took any interest in her welfare after her husband's death. Mrs. Baker's property, in the absence of the Deed and Will, would have descended to some person or persons other than Mrs. Self or Mrs. Thornton. Neither the foster daughter nor any person upon whom the law would have

cast title to her property in the absence of a will interested themselves in this litigation. The Deed reserved a life estate to Mrs. Baker and conveyed only the remainder fee interest in the house and lot, thus it reserved to Mrs. Baker the full physical use of such property during her lifetime. The Will, made on the same occasion the Deed was executed, could only become effective at Mrs. Baker's death; thus Mrs. Baker parted with no right to the use of her property during her lifetime. Considering these and all of the facts disclosed by the record, it can not be said that they would support a finding that the gift of the remainder interest in the house and lot was either unnatural or improvident.

When the whole body of the evidence is considered by this court in the manner the law requires, and the incompetent evidence is discarded, there remains only a scintilla of evidence which is to say, nothing more than a suspicion, of undue influence exercised by Mrs. Self over Mrs. Baker at the time the Deed was executed. In Olds v. Traylor, Tex.Civ.App., 180 S.W.2d 511, 516, writ refused, it is said: "The issue of undue influence is not raised unless the record contains some admissible evidence of probative force that such influence was exercised, and that it subverted and overpowered the will of the testator and caused the execution by him of a will which he would not have executed but for such influence." Here there is an absence of evidence that Mrs. Self exercised an undue influence, and that any influence she did exercise subverted and overpowered the Will of Mrs. Baker.

The judgment of the trial court will be affirmed except in that provision cancelling the Deed of June 1, 1955 from Mrs. Kittie M. Baker to Mrs. Bessie G. Self, and that phase of the judgment is reversed, and here rendered that the appellees, Eunice Thornton and husband, Charles Thornton, Sr., take nothing by their action to cancel such Deed.

It is so ordered.