Rufus **LINDLEY** et al., Appellants,

v.

J. G. **LINDLEY** et al., Appellee.

No. 7502.

Court of Civil Appeals of Texas.

Texarkana.

Aug. 27, 1963.

Rehearing Denied Sept. 17, 1963.

Joe N. Chapman, Sulphur Springs, Bird Old Jr., Mt. Pleasant, for appellants.

Howard S. Smith, Sulphur Springs, Woodrow H. Edwards, Mt. Vernon, J. G. Lindley, Dallas, for appellee.

DAVIS, Justice.

A Will contest. Sallie A. Lindley executed her holographic Will on August 10, 1959. Prior to executing this Will, she had previously executed three other Wills. She died June 3, 1960. The holographic Will was filed for probate. Rufus Lindley and Mary Lindley Hyder Harper filed a contest in the Probate Court, alleging that Mrs. Lindley was of unsound mind, and that the Will was executed as the result of undue influence exercised over her by certain grandchildren. The holographic Will was admitted to probate. An appeal was taken to the District Court. The case was tried in the District Court before a jury. The jury answered the only special issue that was submitted to them that Mrs. Lindley was of sound mind at the time she executed the holographic Will. An appeal has been perfected by Rufus Lindley, and he brings forward nine points of error.

Mrs. Lindley was the mother of three children, viz.: Tommy Lindley, deceased, Rufus Lindley, and Mary Lindley Hyder Harper. Rufus Lindley has no children. Tommy Lindley has three children, and Mrs. Harper has three children. Mrs. Lindley willed all her property to five of the grandchildren, two of whom were the children of Mrs. Harper. The other child was a practicing physician in Corpus Christi, and she directed that he be given one dollar. She likewise directed that Rufus Lindley and Mrs. Harper each be given one dollar.

Mrs. Lindley was 93 years of age at the time she wrote her holographic Will. There was much testimony offered showing she was a person of sound mind. There is no testimony in the record showing anyone being present that could have exercised any undue influence over her at the time she wrote the Will. Some of the testimony offered by appellant in an effort to prove she was of unsound mind is quite amusing. One man testified that he was related to Mrs. Lindley's husband. He testified that in his opinion she was of unsound mind, and he carried her some violets shortly after Tommy Lindley's death, (July 23, 1959). He fixed the time in August because the violets were "ripe". The President of a bank in Sulphur Springs testified that in his opinion Mrs. Lindley was of unsound mind, but he continued to do banking business with her up until March of 1960, and he advised her in July, 1959, to make a Will.

By their first two points of error, appellant says the court erred in refusing their requested instructions on insane delusions in the definition of testamentary capacity, and in refusing their special issue and instructions on undue influence. By their points 3 and 4, appellant says the court erred in instructing the jury that every person of testamentary capacity has the right and power to make a Will, and in refusing their request that the jury be instructed to consider as one of the essential elements of testamentary capacity the deceased's knowledge of the claims upon her of her next of kin and natural objects of her bounty. If she was suffering from an

insane delusion she did not have testamentary capacity. The evidence is fully ample to support the jury's finding. To show that a Will was executed as the result of insane delusions it must be shown that the testator was possessed of such insane delusions at the time she executed the Will. There is no such showing. Knight et al. v. Edwards, 153 Tex. 170, 264 S.W.2d 692; Smith v. Welch, Tex.Civ.App., 285 S.W.2d 823, W.R., N.R.E.; Von De Veld v. Judy, 143 Mo. 348, 44 S.W. 1117; Self v. Thornton, Sr., et ux., Tex.Civ.App., 343 S.W.2d 485, W.R., N.R.E.; 57 Am.Jur. 257–262, Secs. 349 through 358.

To show that Mrs. Lindley possessed the mental capacity to make the Will, the President of the Bank in Sulphur Springs advised her in July, 1959, the month of her son Tommy's death, that she should make a Will. Apparently she took his advice, because on August 10, 1959, she wrote the Will. This is the only evidence in the record that shows that anyone ever suggested she make a Will. There is no evidence that anyone told her how to leave her property. The record does not reflect sufficient evidence of any probative force showing that any undue influence was exercised over Mrs. Lindley at the time she executed the Will. 44 T.J. 602, Sec. 59; Scott v. Townsend, 106 Tex. 322, 166 S.W. 1138; Self v. Thornton, Sr., et ux., Tex.Civ.App., 343 S.W.2d 485, W.R., N.R.E.; 94 C.J.S. Wills § 224, page 1064.

The instructions given in the court's charge were approved in the case of Trouppy v. De Bus, Tex.Civ.App., 311 S.W.2d 431, W.R., N.R.E. See, also, Salinas v. Garcia, Tex.Civ.App., 135 S.W. 588, err. ref.; Stevenson's Executors v. Stevenson et al., 33 Pa. 469, 471. The points are overruled.

The other points of error have been carefully examined, found to be without any merit, and they are overruled.

The judgment of the trial court is affirmed.

## CONCURRING OPINION ON AFFIRMANCE

We concur in the result reached, to-wit, affirmance of the judgment of the trial court.

CHADICK, C. J.
FANNING, J.