Nita L. DeGRASSI, Appellant,

v.

William M. DeGRASSI, Appellee.

No. 8578.

Court of Civil Appeals of Texas, Amarillo.

Jan. 12, 1976.

Clayton & Stubblefield, Cleo G. Clayton, Jr., Amarillo, for appellant.

Robert R. Sanders, Amarillo, for appellee.

ON MOTION FOR REHEARING

ELLIS, Chief Justice.

Our opinion issued on November 24, 1975, is withdrawn, and the following opinion, issued subsequent to appellant's motion for rehearing, is substituted therefor:

This is an appeal brought by Nita L. DeGrassi, defendant-appellant, from the judgment of the trial court in a trespass to try title suit. Judgment was rendered by the District Court of Potter County, Texas, that plaintiff-appellee, William M. DeGrassi, is the owner of title to the residential real estate located at 2601 Bowie Street in Amarillo, Texas and that he is entitled to possession thereof. Affirmed.

Appellee filed this trespass to try title suit against appellant claiming by virtue of a deed jointly executed and duly acknowledged on December 23, 1970, by his father Hollis B. DeGrassi, Sr. and Nita L. DeGrassi, as grantors, to appellee as grantee. The residential real estate situated in Potter County, Texas, and described in the deed was acquired by Hollis B. DeGrassi, Sr. prior to his marriage to the appellant. The property had been used as the home of Hollis B. DeGrassi, Sr. and appellee's mother, Martha DeGrassi, for approximately 17 years. Martha DeGrassi died in January, 1966, and Hollis B. DeGrassi, Sr. married Nita L. DeGrassi in September, 1966. Hollis B. and Nita L. DeGrassi lived on the property until the death of Hollis B. DeGrassi, Sr. in January, 1972.

At the time of the execution of the deed here involved, appellee was in Germany but returned in February, 1971. The deed was duly recorded by Hollis B. DeGrassi, Sr.

After the death of Hollis B. DeGrassi, Sr., appellant continued to live at the residence. In August, 1974, appellee notified appellant that he wished to sell the home. Subsequently, appellant refused to vacate the premises.

Judgment in favor of plaintiff-appellee was based upon the jury's response to two

special issues. These issues, together with the court's instructions, and the jury's answers are set out as follows:

## "SPECIAL ISSUE NO. 1

"Do you find from a preponderance of the evidence that the deed dated the 23rd day of December, 1970 was signed by Nita L. DeGrassi and delivered to Hollis B. DeGrassi by reason of undue influence exercised upon her by Hollis B. DeGrassi?

Answer 'We do' or 'We do not'.

Answer <u>We do not</u>

"In connection with the above issue, you are instructed that the term 'undue influence' means such influence or dominion by excessive importunity, imposition, or fraud at the time of the signing and delivering the deed, as destroys the free agency of the person signing and delivering the deed and overcomes her wishes in regard to the disposition of her property to such an extent that the deed does not in fact express her wishes as to the disposition of her property, but those of the person or persons exercising the influence.

"You are further instructed that not every influence exerted by one person over the mind of another may be classed as undue influence. Persuasion, entreaty, importunity, argument, intercession, and solicitation are permissible and do not constitute undue influence unless they subverted and overthrew the will of the person to whom they are directed."

## "SPECIAL ISSUE NO. 2

"Do you find from a preponderance of the evidence that the deed in question was not delivered to William B. DeGrassi?

Answer 'it was delivered' or 'it was not delivered'.

Answer: <u>It was delivered</u>

"You are instructed that 'delivery' of a written instrument is a parting with the possession or custody thereof with the intention that the same become immediately operative.

"In connection with the foregoing issue, you are instructed that no particular form or actions is necessary to constitute delivery of a deed and manual delivery of a deed is not necessary to constitute delivery.

"The signing, acknowledgement and recording of a deed is prima facie evidence of delivery of a deed, and in the absence of a showing to the contrary, the presumption of delivery prevails.

"The burden of proof is upon the person challenging the presumption to show, by a preponderance of the evidence, that there was no delivery of the deed."

Appellant's twenty-two points of error complain of the issues and instructions submitted to the jury, of the factual and legal insufficiency of the evidence to support the jury's findings, of the failure of the trial court to obtain the findings necessary to support its judgment, and of the failure of the trial court to admit certain testimony.

■ In points of error numbers 1, 2, 3, 9, and 10, appellant contends that special issue number one erroneously placed upon her the burden of proving undue influence. Appellant further challenges the language of the explanatory instructions defining undue influence given with reference to special issue number one.

Appellant contends that the husband-wife relationship between her and Hollis B. DeGrassi, Sr. at the time of the execution of the deed gave rise to a presumption of unfairness which appellee, the grantee under the deed, must overcome. The cases cited by appellant as support for this contention are factually distinguishable from the instant case. These cases involve husband-wife, attorney-client, or certified public accountant-client relationships, where, under the facts and circumstances of the particular transactions between the parties, the one with superior knowledge was in a position to take an unfair advantage over the one whose confidence he possessed in their particular fiduciary relationship, thereby creating a presumption of unfair

dealing which the one with the superior knowledge was required to overcome. In the instant case the appellant sought and received independent legal advice from an attorney in another city concerning her rights and the advisability of her executing the deed. The jury was entitled to find that she considered this advice, was aware of her legal position and made her own assessment of the situation before she executed the deed, which execution the jury found was not by reason of undue influence (which under the instruction included fraud) exercised upon her by her husband. Thus, it is our opinion that under the existing facts and circumstances, this transaction was not such as to raise a presumption of unfair dealing on the husband's part, and that the cases cited by appellant are not controlling here.

▮ The evidence raised the issue of undue influence as submitted to the jury and the instruction fairly defined undue influence in accordance with the evidence as presented in this case. In *Long v. Long,* 133 Tex. 96, 125 S.W.2d 1034 (1939), a will case, the Supreme Court recognized that the manner in which the question of undue influence is submitted to the jury depends upon the facts of each case. Also, it is recognized that the rules for determining the existence of undue influence apply substantially in the same manner to wills, deeds and other written instruments. *Martindale v. Martindale,* 366 S.W.2d 665 (Tex. Civ.App.—Amarillo 1963, writ ref'd n. r. e.); *Self v. Thornton,* 343 S.W.2d 485 (Tex.Civ. App.—Texarkana 1960, writ ref'd n. r. e.).

It is contended that the trial court should have submitted the issue in the form requested by the appellant. The issue requested by appellant would have placed the burden upon appellant to establish by a preponderance of the evidence that the execution of the deed was accomplished by reason of undue influence practiced upon appellant by her husband. We note that the burden of proof in the requested issue was placed in the same manner by the issue submitted to the jury.

There was evidence in this case that Hollis B. DeGrassi, Sr. had discussed the disposition of his properties for some time prior to December 23, 1970, and that appellant was aware of her husband's intent. Additionally, there is the undisputed testimony that appellant sought independent advice from an attorney in another city as to whether she should join her husband in the conveyance to appellee. The only testimony tending to establish undue influence was from appellant. The weight and credibility of all the evidence was for the jury to determine. Based upon a consideration of all the evidence, we think the instruction of the trial court was proper in requiring that in order to constitute undue influence, persuasion, entreaty, importunity, argument, intercession, and solicitation must subvert and overthrow the will of the person to whom they are directed. *Curry v. Curry,* 153 Tex. 421, 270 S.W.2d 208 (1954); *Long v. Long, supra.*

From a review of the pleadings and the evidence, we have concluded that the submission of special issue number one and the instructions accompanying it were proper in all essential respects. Points of error numbers 1, 2, 3, 9, and 10 are overruled.

In points of error numbers 4 through 6, appellant complains of the submission to the jury of special issue number two and of the refusal of the trial court to submit appellant's requested special issue number one. The issue requested by appellant would have placed the burden of proof upon appellee to establish that the deed was delivered with the intent that it should become operative as a conveyance of the home. Specifically, appellant contends that special issue number two, as submitted, erroneously placed upon her the burden of defeating prima facie delivery of the deed evidence by the undisputed testimony of the signing, acknowledging, and recording of the deed.

▮ The issue submitted to the jury properly placed the burden of proof upon appellant to defeat delivery of the deed to appellee. Manual delivery of a deed to the

grantee or his agent is not required to effect delivery. *Earl v. Mundy,* 227 S.W. 970 (Tex.Civ.App.—El Paso 1921, writ ref'd); *Hayes v. Pennock,* 192 S.W.2d 169 (Tex.Civ.App.—Beaumont 1945, writ ref'd n. r. e.). Indeed, the law prescribes no particular form of action or words necessary to constitute delivery of a deed. *Taylor v. Sanford,* 108 Tex. 340, 193 S.W. 661 (1917); *Tyler v. Bauguss,* 148 S.W.2d 912 (Tex.Civ.App.—Dallas 1941, writ dism'd jdgmt. cor.). Whether a deed has been delivered is a question for the jury's determination, *Ragland v. Kelner,* 148 Tex. 132, 221 S.W.2d 357 (1949), and the question is primarily one of the grantor's intent. *Taylor v. Sanford, supra; Henry v. Phillips,* 105 Tex. 459, 151 S.W. 533 (1912).

The question of appellant's intent to deliver the deed was fairly presented in special issue number two. The rebuttable presumption of delivery created by uncontradicted evidence of the signing, acknowledgment and recordation of the deed by Hollis B. DeGrassi, Sr., was not overcome by appellant. *Gravis v. Rogers,* 214 S.W.2d 886 (Tex.Civ.App.—Austin 1948, writ ref'd n. r. e.); *Callaway v. Callaway,* 23 S.W.2d 808 (Tex.Civ.App.—Fort Worth 1930, no writ). Points of error numbers 4 through 6 are overruled.

Appellant, in points of error numbers 7, 8, and 11 through 17, challenges the factual and legal sufficiency of the evidence to support the jury's response to special issue number two. The evidence is ample to support the response to special issue number two. There was undisputed testimony that appellant's husband, a grantor under the deed, delivered the deed to the clerk of Potter County, Texas, for recordation on January 26, 1971. There was also evidence that appellee paid the insurance premiums on the residential property during the time that appellant lived alone at the residence.

At a meeting of family members at the bank after the death of Hollis B. DeGrassi, Sr., a safety deposit box rented in the name of appellees' brother to which both the brother and Hollis B. DeGrassi, Sr. had access, was opened and its contents inventoried. At that meeting, the deed in question was listed as being owned by appellee. Appellant and appellee orally agreed at the meeting that appellant would not be required to vacate the premises, but could remain there until appellee needed the property. At the meeting appellant made no claim of ownership of the property. There was testimony that appellant, after paying the taxes for one year, directed the tax assessor-collector to send all tax statements to appellee, and testimony that, upon being informed of appellee's desire to sell the property, appellant requested of appellee that he list the house for sale with a realtor friend of appellant. All these circumstances support the finding of the jury in special issue number two that the deed was delivered to appellee with the intent that it would become immediately operative. The only evidence of non-delivery was from testimony by appellant. The question of intent to deliver is one of fact for the jury, based upon all the facts and circumstances. *More v. More,* 7 S.W.2d 1096 (Tex.Civ.App.—San Antonio 1928, writ ref'd). Points of error numbers 7, 8, and 11 through 17 are overruled.

By points of error numbers 18 through 21 appellant challenges the matter of consideration to appellant for the conveyance and the lack of a finding of the appellant's authorization or ratification of delivery of the deed in question. From the record we note that appellee objected to testimony elicited as to consideration insofar as such testimony would have the effect of diminishing the estate granted by the plain language of the deed. The effect of the testimony as to consideration was to reserve in appellant a homestead right, contrary to the plain language of the deed which expressed no reservation. Under this deed the grantors acknowledged the receipt of good and valuable consideration, and the rule permitting parol proof to explain consideration is not applicable if the effect is to

limit, qualify or impose a condition upon the estate conveyed. *Russell v. Russell,* 132 Tex. 73, 120 S.W.2d 793 (1938); *Morriss v. Hesse,* 231 S.W. 317 (Tex.Comm'n App.1921, jdgmt. adopted).

Appellant alleges that the conveyance to appellee was a pretended gift. The plain language of the deed contains no reservation or exception limiting the estate granted. In view of the evidence discussed above as to the actions of the parties to the conveyance and in view of the issues submitted inquiring of the grantors' intent, the jury findings established that the delivery of the deed was intended to make it immediately operative as a conveyance. Also, appellant contends in point number 20 that there was no valid delivery of the deed as to the appellant without her assent or ratification. In view of the trial court's instructions and the jury's response to special issue number two which, in effect, established that delivery was fully accomplished and that the deed was immediately operative as a conveyance to the grantee, it is our opinion that no further assent or ratification by the appellant was required. We note that an issue as to her ratification was conditionally submitted and was to be answered by the jury only in the event the jury had found *undue influence* in response to special issue one, or that the deed *had not been delivered* in response to special issue number two. Since the jury did not find either undue influence or that the deed had not been delivered, the jury, in accordance with the trial court's instructions, made no answer to the question of ratification of the deed by the appellant.

The occupancy of the residence by the grantors after the conveyance was with the permission of appellee and constituted a tenancy at will. That the grantors paid no rent for their occupancy does not affect the existence of the landlord-tenant relationship. *Philadelphia Trust Co. v. Johnson,* 257 S.W. 280 (Tex.Civ.App.—Beaumont 1923, writ dism'd). Further, contrary to appellant's contention, Tex.Const. art. XVI, § 50 has no application to the facts of the instant case. In *Anglin v. Cisco Mortg. Loan Co.,* 135 Tex. 188, 141 S.W.2d 935 (1940), cited by appellant in support of her contention, the Supreme Court stated that it is the pretended sale intended as a security for certain debts which is prohibited by the constitution. No such circumstances exist in this case.

Points of error numbers 18 through 21 are overruled.

In point of error number 22 appellant complains of the failure of the trial court to admit the testimony of a certain witness who would have testified explaining why Hollis B. DeGrassi, Sr. kept the deed in his possession after its execution and recordation. The effect of the offered testimony would have been to vary the express terms of the deed. Also, this evidence would be hearsay as to appellee. The testimony as to a conversation which has reference to a grantor's intent after execution of the deed was properly excluded. *Callaway v. Callaway,* supra. Point of error number 22 is overruled.

For the reasons above stated, the judgment of the trial court is affirmed. Appellant's motion for rehearing is overruled.