# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40632
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2020

Lyle W. Cayce
Clerk

KIMBERLY CROCKETT,

Plaintiff – Appellant

v.

HUMANA BEHAVIORAL HEALTH,

Defendant – Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:18-CV-403

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Kimberly Crockett sued Humana Behavioral Health alleging that Humana wrongfully terminated her employment in violation of the Americans with Disabilities Act. *See* 42 U.S.C. § 12112(a). The district court granted summary judgment for Humana because Crockett signed a waiver releasing "any and all legal and equitable claims of any type relating to [her] employment." Further, the court noted that Crockett had pointed to no

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence that would invalidate that release. *See Davis v. Fort Bend Cty.*, 765 F.3d 480, 484 (5th Cir. 2014) ("A party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." (quotation omitted)).

On appeal, Crockett argues that Humana exercised undue influence to secure her signature on the waiver. In order to show undue influence, Crockett must provide evidence that Humana's "'persuasion, entreaty, importunity, argument, intercession, and solicitation' were so strong as to 'subvert and overthrow [her] will.'" *Lee v. Hunt*, 631 F.2d 1171, 1178 (5th Cir. 1980) (quoting *DeGrassi v. DeGrassi*, 533 S.W.2d 81, 85 (Tex. App.—Amarillo 1976, writ ref'd n.r.e.)). After carefully reviewing the record, we agree with the district court: there is no evidence that Humana exercised undue influence. Therefore, Crockett's waiver is valid, and the district court appropriately granted summary judgment. *See Smith v. Amedisys Inc.*, 298 F.3d 434, 444 (5th Cir. 2002) (holding that "summary judgment was appropriate" where no dispute of material fact existed about the validity of a waiver of claims).

AFFIRMED.