**Marlin Q. BOND, Appellant,**

**v.**

**John R. DUREN, Appellee.**

**No. 5401.**

Court of Civil Appeals of Texas,
Waco.

Feb. 13, 1975.

Rehearing Denied March 20, 1975.

Lynch, Nored, Martin & Millican, Charles W. Lynch, Lampasas, Hart, Keahey & Hart, Austin, for appellant.

Cummings, Donaldson & Powell, Jerry B. Donaldson, Gatesville, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Bond from judgment against him for actual and exemplary damages in favor of plaintiff Duren, in a fraud case.

Plaintiff Duren sued Defendant Bond alleging Duren was induced by Bond to make a loan of $7,290. upon Bond's fraudulent representation to secure the loan by a deed of trust upon two duplex houses owned by Bond in Copperas Cove, Texas.

Trial was to a jury which found:

1) Bond represented that he would give Duren a mortgage or security interest in two duplexes in Copperas Cove.

2) Such representation was false.

3) Bond knew the representation was false when he made it.

4) Duren relied on the representation.

5) Duren had a right to rely upon it.

6) The representation induced Duren to advance $7,290. to the account of the Grolier Development Corporation.

7) But for the representation Duren would not have advanced the $7,290. to the Grolier Development Corporation.

8) The false representation by Bond caused injury and damage to Duren.

9) Such damage was $7,290.

10) $10,000. exemplary damage should be awarded against Bond.

11) Duren advanced $7,290. to Grolier Development Corporation for the benefit of Bond.

12) The failure of bond to repay such sum to Duren resulted in an unjust enrichment to Bond.

13) Such unjust enrichment amounts to $7,290.

The trial court rendered judgment on the verdict for plaintiff for $17,290. against defendant.

Defendant appeals on 7 points contending:

1) There is no evidence and insufficient evidence to support the jury's finding ings that Bond's representation was Bond that he would give Duren a mortgage on two duplexes.

2) There is no evidence and insufficient evidence to support the jury's findings that Bond's representation as false and that he knew it was false when he made it.

3) Exemplary damages are unjustified and $10,000. is excessive.

4) There is no evidence and insufficient evidence to support the jury's finding that Bond was unjustly enriched.

The record reflects defendant Bond owns and operates various businesses, and with his wife owned Cove Finance, Inc., a small loan company in Copperas Cove. Gerald Earnhart was manager of Cove Finance, Inc., and drew a salary of $650. per month. John R. Duren is an attorney in Copperas Cove; had been a business associate of Bond in a business unrelated to this case; and had handled collections for Cove Finance, Inc. Cove Finance, Inc., handled collections for Grolier Corporation on mobile home sales, and on rentals in Grolier's mobile home park, and made monthly remittances on collections to Grolier. Cove Finance, Inc., upon approval of Bond developed a practice of using moneys collected for Grolier for Cove Finance's own expenses between the time of collection and the time for remitting to Grolier. Through this practice a shortage in Grolier's account developed amounting to some $16,000. Bond to raise money instructed Earnhart to sell Duren stock in Cove Finance, Inc., but did not tell him to disclose the financial condition of Cove Finance; and if Duren did not want to buy stock to try to obtain a loan from him to cover the shortage. Duren did not want to buy stock, but met the folllowing Sunday with Bond and Earnhart with reference to making a loan.

Duren testified he agreed to make a loan of $17,000, if Bond would give him a mortgage or security interest on two duplexes he owned in Copperas Cove, and Bond specifically agreed to give Duren a mortgage on the two duplexes, and thereafter delivered the abstracts on the two duplexes to Duren's office. Duren further testified he would not have advanced the money but for Bond's representation; and that he was looking to Bond for security and payment. Thereafter Earnhart came to Duren and told him the need for $7,290. was urgent and Duren gave him a check for $7,290. payable to Grolier upon which Earnhart stamped an endorsement "For Deposit Only to Grolier Properties, Inc., By Cove Finance, Inc.," and transmitted same to Grolier in payment for collections theretofore made by Cove Finance, Inc., for Grolier. Thereafter Bond picked up his abstracts from Duren's office and told Duren he was making a loan elsewhere, and would repay the $7,290. within 30 days. Bond has never repaid the $7,290. or executed mortgage or security interest in the two houses.

■ Defendant's 1st contention is there is no evidence and insufficient evidence to support the jury's finding of an unqualified representation by Bond that he would give Duren a mortgage on the two duplexes.

As noted Duren testified that Bond specifically agreed to give him a mortgage on the two duplexes. Bond denies that such representation was made, but does not explain why he delivered the abstracts on the two duplexes to Duren's office. Earnhart testified the $7,290. advancement was made by Duren predicated on Bond's promise to furnish the collateral. The jury's answer to issue 1 is supported by ample and sufficient evidence.

Defendant's contention 2 is there is no evidence and insufficient evidence to support the jury's findings that Bond's representation was false, and that he knew it was false when he made it.

The representation was false because Bond has never executed a mortgage or security agreement on the properties. The jury further found that Bond knew the representation was false when he made it.

Bond denied knowledge of the entire transaction insofar as any loan being made upon a representation that he would furnish a mortgage upon the duplexes.

■ Bond's denial is evidence of his intent not to perform his promise or that his representation was false when he made it, and that he knew it was false when he made it.

While mere failure to perform is not sufficient to prove the existence of an intention not to perform at the time the promise is made, where the party allegedly making the promise denies making the promise, there is sufficient evidence to support a finding that there was the absence of intention to perform when it was made. Stone v. Williams, 1st Houston CCA, NRE, 358 S.W.2d 151; Stanfield v. O'Boyle, S.Ct., Tex., 462 S.W.2d 270.

Defendant's 3rd contention is that exemplary damages are not justified, and that $10,000. is excessive.

The defendant was convicted of fraud by the jury and his actual damages were fixed at $7,290. Such amount has ample support in the evidence and is not complained of.

The question of the measure of exemplary damages comes under the general rule that, where the law furnishes no legal measure of damages and they are unliquidated, the amount to be awarded rests largely in the discretion of the jury; and unless the award is so large as to indicate that it is a result of passion, prejudice or corruption, or that the evidence has been disregarded, the verdict of the jury is conclusive and will not be set aside as excessive, either by the trial court or on appeal. Tynberg v. Cohen, S.Ct., 76 Tex. 409, 13 S.W. 315; Skillern & Sons, Inc., v. Stewart, CCA, Ft. Worth, NRE, Tex.Civ.App., 379 S.W.2d 687; 17 Tex.Jur.2d 255 par. 186.

Exemplary damages were authorized by the record and we think the amount awarded is not excessive.

Defendant's 4th contention is that there is no evidence and insufficient evidence to support the jury's finding that Bond was unjustly enriched. While not necessary to our disposition of this case, we think the evidence ample to sustain such finding.

All defendant's points are overruled.

Affirmed.