**Mrs. Pauline FINCH et al., Appellants,**

v.

**Emma Dixon McVEA et al., Appellees.**

**No. 1109.**

Court of Civil Appeals of Texas,
Corpus Christi.

Oct. 29, 1976.

Rehearing Denied Nov. 30, 1976.

**450**

James L. Drought, San Antonio, for appellants.

Jack H. Dillard, Austin, Edward B. Rather, Jr., Gonzales, for appellees.

## OPINION

YOUNG, Justice.

This is a suit based upon fraud and undue influence for cancellation of a deed conveying real property. Trial was to the court without a jury. Upon findings of fact and conclusions of law, the trial court rendered judgment ordering the deed, promissory note, deed of trust and vendor's lien cancelled. The judgment further ordered the grantor-plaintiffs to return the principal that had been paid on the note, but not the interest. The grantee-defendants appeal from that judgment.

On May 19, 1972, Emma Dixon McVea, a spinster residing in Gonzales County, Texas, executed a warranty deed conveying 160 acres of land to James W. Henrich and wife, Maureen P. Henrich, Steven R. Finch, James A. Finch and Steve O. Finch and his wife, Pauline Finch. The grantees are all residents of California and are all relatives of Miss McVea.

As consideration for the deed, the grantees executed their promissory note, (there was no down payment), secured by the vendor's lien and a deed of trust, for $40,000.00 (total purchase price); bearing interest at 6% (below the prevailing rate); payable until paid in full in monthly installments of $300.00 each to be applied first on interest and the balance on principal. The note further provided that "in the event" of the death of Miss McVea prior to the final payment on the note, the remaining obligation would be extinguished. The sale was negotiated by Steven O. Finch, who was a nephew of Miss McVea and the father of several of the grantees. He died in March of 1973, which was prior to the trial.

At the time of the negotiations, Miss McVea was approximately 75 years old, was diabetic, and was in excess of 100 pounds overweight. Several months before her conveyance and because of her illness, Miss McVea moved from her property to live with her sister, Mrs. Smith, in Waelder, Texas. Approximately five months after her conveyance, Miss McVea suffered a stroke and was hospitalized in Houston, Texas. While recovering from this illness, she executed a power of attorney in favor of her niece, Dessie Patterson, who was a daughter of Mrs. Smith and the sister of Steve O. Finch. Mrs. Patterson then assigned Miss McVea's rights in the note to her husband, Frank M. Patterson, Sr.

Following her partial recovery, Miss McVea was transferred by the Pattersons in November 1972 to a nursing home in San Antonio, Texas. In January 1974, Miss McVea began living with the Pattersons with whom she was still residing at the time of trial. Then on May 4, 1974, Miss McVea and Mrs. Patterson filed suit in which they alleged fraud and undue influence by the grantees in the inducing of the execution of the deed. Mrs. Patterson joined as a plaintiff in a subsequent amended petition. The trial court ruled for the plaintiffs.

The appellants bring forward seven points of error. We will first consider their fourth and fifth points about fraud. In these points, they complain that the trial court erred in finding that the deed was induced by fraud because there was no evidence, or there was insufficient evidence, that any promise was made without a present intention to carry out such promise.

The testimony of the Pattersons and Mrs. Smith showed that appellants through Steve O. Finch promised, orally and by letter, to sell the land in question and share the profits equally if the money received by Miss McVea from the $300.00 monthly note payments were insufficient to provide for her needs; that after her stroke, her needs began to exceed considerably the $300.00; that they told Mr. Finch, before his death, of the additional needs; that he said he "couldn't do anything about it" (alleviating the financial needs problem); that other than paying the $300.00 monthly, he did nothing toward Miss McVea's needs, nor have any of the appellants.

The appellants deny the contention that the sale of the land was conditioned on Miss McVea's needs. They do this by their introduction into evidence a letter dated May 15, 1972, signed by all the appellants. According to them, the letter is a written summation of their agreement with Miss McVea about the resale of the land. In that letter the appellants agree to pay Miss McVea one-half of any profits "in the event" they should ever sell the land. The controlling question, therefore, is whether the foregoing evidence is both legally and factually sufficient to support the trial court's finding of fraud based upon the defendant's intention not to perform their promise at the time it was made. We hold that it is for the following reasons.

■ The law is well settled that actionable fraud can be based upon a promise to

perform a future action without a present intention to perform. *Stanfield v. O'Boyle*, 462 S.W.2d 270 (Tex.Sup.1971); *Chicago, T. & M. C. Ry. Co. v. Titterington*, 19 S.W. 472 (Tex.Sup.1892). In *Stone v. Williams*, 358 S.W.2d 151, 155 (Tex.Civ.App.—Houston [1st Dist.] 1962, writ ref'd n. r. e.), the court said:

> " . . . Where, as here, the representation is a promise to do something in the future and there exists at the time of the representation an intention not to perform, there is the representation of an existing fact. While a mere failure to perform is not sufficient to prove the existence of an intention not to perform at the time the promise is made, where the party allegedly making the promise *denies making the promise*, there is sufficient evidence to support a finding that there was the absence of intention to perform when it was made." (Emphasis supplied).

About the effect of denial of the making of a promise, see also *Bond v. Duren*, 520 S.W.2d 460 (Tex.Civ.App.—Waco 1975, writ ref'd n. r. e.); *Myers v. King*, 506 S.W.2d 705 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n. r. e.).

■ In our case, as we have noted, appellants have denied the promise to sell the land conditioned upon Miss McVea's needs. There is evidence both legally and factually sufficient, together with the refusal to perform, to sustain the trial court's finding. Therefore, we overrule appellants' fourth and fifth points of error.

Appellants, in their first and second points of error, assert that there is no evidence, or insufficient evidence, to show undue influence.

■ As stated by the Supreme Court in *Curry v. Curry*, 153 Tex. 421, 270 S.W.2d 208 (1954), undue influence is considered to be a species of fraud in Texas. See also *Furr v. Furr*, 403 S.W.2d 866 (Tex.Civ.App. —Fort · Worth 1966, no writ); *Smith v. Smith*, 389 S.W.2d 498 (Tex.Civ.App.—Austin 1965, writ ref'd n. r. e.). It is also true that undue influence may be exercised through threats or fraud or by influence of the strong over the weak. *Curry v. Curry*, supra; *Smith v. Mann*, 296 S.W. 613 (Tex. Civ.App.—San Antonio 1927, writ ref'd). Even though undue influence is a species of fraud, evidence will not support a legal conclusion of undue influence based thereon unless it will support a legal conclusion of fraud. *Curry v. Curry*, supra. It is clear that the evidence in this case will support a legal conclusion of fraud as we have pointed out in our discussion of appellants' fourth and fifth points of error. We hold, therefore, that the offered evidence will also support the trial court's conclusion of undue influence. Appellants' first and second points are overruled.

■ Appellants contend, in their third and sixth points of error, that the trial court erred in overruling their special exceptions to appellees' pleadings. Appellants specifically complain of appellees' failure to allege: clearly the procurement of a deed by undue influence; an intentional misrepresentation with an intention not to perform. The allegations complained of have been reviewed by us and we find the appellees' petition sufficient. Even so, the trial court is granted a large measure of discretion in passing on exceptions to the pleadings and in the absence of a showing of abuse of discretion or injury resulting from the trial court's ruling, the ruling will not be disturbed. *City of Abilene v. Jones*, 355 S.W.2d 597, 600 (Tex.Civ.App.—Eastland 1962, no writ). The appellants have not here demonstrated abuse of discretion or injury regarding the rulings. These third and sixth points are overruled.

■ Appellants' final point of error is that the trial court erred in ordering cancellation of the deed without ordering the return of the interest paid by the appellants. This point of error has merit and we sustain it.

The primary purpose of a suit to cancel a contract obtained by fraud is to undo the fraud and place the parties in their original position. *Howard v. Burkholder*, 281 S.W.2d 764 (Tex.Civ.App.—Amarillo 1955, writ dism'd). Therefore, if relief is grant-

ed, the original status of the parties must be restored. A party will not be permitted to repudiate an instrument and retain benefits received under it. *Freyer v. Michels*, 360 S.W.2d 559 (Tex.Civ.App.—Dallas 1962, writ dism'd). Even more specifically, if an instrument is fraudulently induced, the party defrauded is not entitled to benefits under the instrument. *Arnold v. Wheeler*, 304 S.W.2d 368 (Tex.Civ.App.—San Antonio 1957, writ ref'd n. r. e.). Consequently, we find that it was error for the trial court to order cancellation without returning the parties to their former status.

▮ In that regard, there is conferred upon us the power to modify the trial court's judgment and to render such judgment against the appellants as should have been rendered by the court below. Rule 435, T.R.C.P. Therefore, the trial court's judgment is reformed to provide that the appellants do have and receive all principal and interest previously paid to Emma Dixon McVea.

As reformed, the judgment of the trial court is AFFIRMED.