**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Juan BAEZA, Appellee.**

No. 5711.

Court of Civil Appeals of Texas, Waco.

May 19, 1977.

Rehearing Denied June 30, 1977.

Logan Ford, Catherine A. Gerhauser, Burford, Ryburn & Ford, Dallas, for appellant.

Denbow & Wells, Don Prager, Fort Worth, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Insurance Company from judgment setting aside a compromise settlement agreement in a workmen's compensation matter.

Plaintiff Baeza filed suit against defendant Insurance Company alleging plaintiff was an employee of Lasater Construction Company; that he was injured on November 1, 1968 in the course of his employment; that his injuries were a fracture of his left leg and severe tissue injuries to his left leg, hip and back; that as a result of his injuries he developed a conversion neurosis; that he is permanently and totally disabled under the terms of the Workmen's Compensation Act; that defendant was the compensation carrier for plaintiff's employer; that on March 24, 1970, defendant induced plaintiff to sign a compromise settlement agreement of his claim for $1850. by a promise by defendant "the employer would give him a steady job for as long as he wanted it"; that the representation was false; that defendant knew it was false when made; that such induced plaintiff to sign the compromise settlement; that Lasater kept him on the payroll for a short time and then fired him; and prayed the compromise settlement be set aside.

Trial was to a jury which found among other matters:

(a) Defendant's agent Hopper represented to plaintiff he would be given a "steady job for as long as he wanted it".

(b) Plaintiff's employer Lasater Construction Company refused plaintiff employment.

2) The statement was made for the purpose of inducing plaintiff to sign the compromise settlement agreement.

3) Plaintiff believed the statement.

4) Plaintiff relied on the statement in signing the compromise settlement agreement.

5) Plaintiff was induced into signing the compromise settlement by the statement.

6)–10) Found plaintiff suffered an accidental injury which produced total permanent incapacity.

The trial court rendered judgment on the verdict setting aside the compromise settlement agreement.

Defendant appeals on 18 points contending among other matters:

1) The trial court erred in rendering judgment setting the compromise settlement agreement aside because James A. Hopper had no actual, implied or apparent authority to make the alleged representations.

2) The trial court erred in rendering judgment on the jury's answer to Issue 1, because such issue fails to conform to allegations in plaintiff's pleadings concerning "a steady job" for as long as he wanted to work even if he was unable to perform the type duties he was accustomed to doing and for so long as he wanted a job, and further omits the concept of for whom plaintiff was to work.

3) The trial court erred in rendering judgment setting aside the compromise settlement agreement because there is no evidence defendant's adjuster Hopper "had the present intention not to give [plaintiff] 'steady employment' at the time such representation or promise was made, and consequently no fraud or misrepresentation exists as a matter of law".

4) The trial court erred in setting aside the compromise settlement because the contract which plaintiff bargained for, "a steady job" for as long as he wanted it, is at most a contract terminable at will of either party.

Contention 1 asserts defendant's claims adjuster Hopper had no authority to promise a job to plaintiff Baeza.

Plaintiff is a Mexican-American who does not speak, read or write English, and who does not read or write Spanish. He is illit-

erate, uneducated and has but limited vocabulary in Spanish. He was severely injured while in the employ of Lasater Construction Company. Defendant's claims adjuster, Hopper, visited plaintiff 4 or 5 times following his injury; promised plaintiff that if he settled for $1850. Lasater would give him a steady job for as long as he wanted it; such promise was false; Lasater refused plaintiff employment; and plaintiff's injuries amount to total and permanent incapacity.

Hopper denied he had authority to make the promise the jury found that he made, and further denied he made the promise. He did have authority, however, to pay the $1850. Defendant by virtue of Hopper's promise secured a compromise settlement of a total permanent injury for $1850.

■ If defendant would adopt the acts of its agent Hopper, it must take them altogether. It cannot adopt so much as confers an advantage and reject the rest. A principal cannot avail itself of the fraudulent contract of its agent. *Wright v. Calhoun*, S.Ct., 19 Tex. 412.

In *Wright* our Supreme Court said:

"There can be no sounder doctrine of morals or of law, than that which forbids the principal to take a benefit from the fraudulent act or contract of his agent, to the injury of an innocent third person. It would indeed be a monstrous doctrine, to hold that a principal may * * * enjoy the fruits of the frauds of his authorized agent, and incur no responsibility to the injured parties. It would enable one man, by employing the instrumentality of an unprincipled agent, to cheat, defraud and swindle others out of their property, and turn them over to their recourse upon the worthless agent, while he, the principal, received and retained the fruits of the iniquitous bargains. Such a doctrine can have no sanction in morals or law."

■ The compromise settlement agreement being obtained by the fraud of Hopper, cannot enure to the benefit of defendant Insurance Company.

■ Contention 2 asserts the trial court erred in rendering judgment on the jury's answer to Issue 1.

Issue 1 was "Do you find from a preponderance of the evidence that on the occasion in question, Defendant's agent, Hopper, represented to plaintiff that he would be given a 'steady job for as long as he wanted it?' "

"Answer: We do".

Plaintiff plead defendant's agent Hopper made fraudulent promises to plaintiff to induce him to sign the compromise settlement. "These promises were to the effect that if he would sign, the employer would give him a steady job for as long as he wanted to work, even if he was unable to perform the type of duties he was accustomed to doing and for as long as he wanted to work".

There is evidence that Hopper made the representation plead and inquired about in Issue 1. Plaintiff never had but one employer and that was Lasater Construction Company.

Rule 277 TRCP requires the court to submit the "issues controlling the disposition of the case that are raised by the written pleadings and the evidence in the case". The trial court fairly and correctly submitted Issue 1, and the trial court did not err in rendering judgment on such issue.

Contention 3 asserts there is no evidence to demonstrate or raise any inference whatsoever of Hopper's present intention not to perform his alleged promise.

Defendant's claim adjuster Hopper repeatedly denied making the promise or representation that plaintiff would be given a steady job for as long as he wanted it. Moreover, he denied having authority to make such a promise or representation.

■ Nonperformance of a promise for future action is fraudulent if the intention not to perform exists when the promise is made. And where the party allegedly making the promise, denies making such promise, this is evidence that there was an absence of intention to perform when the

promise was made. *Stone v. Williams* (1st Houston) CCA, NRE, 358 S.W.2d 151; *Stanfield v. O'Boyle*, S.Ct., 462 S.W.2d 270; *Bond v. Duren*, (Waco) CCA, NRE, 520 S.W.2d 460; *Myers v. King*, CCA (1st Houston) NRE, 506 S.W.2d 705; *Finch v. McVea*, CCA (Corpus Christi) 543 S.W.2d 449.

 Defendant asserts in its reply brief that failure to perform the promise requires a jury finding. Defendant asserted no point to this effect in its brief, and for the first time makes this contention in its reply brief filed the day of oral argument. The contention comes too late; and we hold that Hopper's repeated denials of making the promise or representation together with his testimony that he had no authority to make same, constitutes conclusive evidence of his intent not to perform at the time that he made the representation.

 Contention 4 is that the trial court erred in setting aside the compromise settlement agreement, because the contract plaintiff bargained for, "a steady job" for as long as he wanted it, is at most a contract terminable at the will of either party.

Plaintiff's suit is not to enforce a contract of employment with Lasater Construction Company or defendant. Plaintiff's suit is to set aside the compromise settlement agreement obtained by fraud.

All defendant's points have been considered and are overruled.

Affirmed.