**Trinidad L. GARCIA, Appellant,**

v.

**Dale PRESCOTT et ux., Appellees.**

**No. 1262.**

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 29, 1978.

Rehearing Denied Sept. 21, 1978.

William H. Berry, Jr., Corpus Christi, for appellant.

H. T. Hermansen, Jr., Dyer, Redford, Burnett, Wray & Woolsey, Corpus Christi, for appellees.

## OPINION

YOUNG, Justice.

This is an appeal from a take nothing judgment in a personal injury case arising out of an automobile collision west of Corpus Christi, Texas, on Interstate Highway 37.

On the evening of December 14, 1974, defendant Betty F. Prescott, appellee herein, struck the rear-end of a car owned by and operated by plaintiff, Mrs. Trinidad L. Garcia, appellant herein, while the two cars were headed in the same direction in the inside lane of the two southbound lanes of the four lane interstate highway. Mrs. Garcia sued for personal injuries and damages to her car.

Trial was to a jury. In answer to special issues, the jury refused to find appellee, Prescott guilty of any negligence (a) in her speed, (b) in the application of her brakes, (c) in her lookout, or (d) in her failure to turn to the right before the occurrence in question. Those were the only inquiries about Prescott's conduct. The jury did find that appellant, Garcia, was guilty of contributory negligence proximately causing the accident (a) in driving at such a slow speed as to impede the normal and reasonable movement of traffic and (b) in driving in the left-hand lane. The jury did not answer the comparative negligence issue because it was conditioned upon at least one affirmative answer to one of the four primary negligence issues. Based on the verdict the trial court entered a take nothing judgment from which Garcia appeals. We affirm.

Appellant brings 29 points of error, some of which assert that there is no evidence and insufficient evidence to support either the submission of certain instructions to the jury or the jury's answers to the contributory negligence issues. Furthermore, appellant contends that the evidence establishes as a matter of law that appellee, Prescott, was negligent during the occurrence herein or that the jury's answers to such questions were against the great weight and preponderance of the evidence. In passing on the legal insufficiency points; i. e., "no evidence" and "established as a matter of law" points, we may consider only that evidence, if any, which viewed in its most favorable light, supports the jury findings and we must disregard all evidence which would lead to a contrary result. *Biggers v. Continental Bus System*, 157 Tex. 351, 303 S.W.2d 359, 363 (1957); *Vahlsing Christina Corp. v. Ryman Well Service, Inc.*, 512 S.W.2d 803, 813 (Tex.Civ.App.—Corpus Christi 1974, no writ). In passing on the factual insufficiency points; i. e., "insufficient evidence" points and "against the great weight and preponderance of the evidence" points we must examine the whole record to determine whether the evidence supports the jury findings. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951); *Baucum v. Statewide Hot Shot*, 550 S.W.2d 156 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.).

Appellant's points 1 through 12, 25 and 26 submit there was no evidence and insufficient evidence to support the submission of instructions VI and VII to the jury, and to

support the jury's answers to the contributory negligence issues concerning slow speed and driving in the left-hand lane. Appellant also contends there was no evidence to support the submission of the contributory negligence issues and the comparative negligence issue.

The challenged instructions state:

## "VI.

You are instructed that the Texas Legislature has established a uniform standard of safe conduct in Article 6701d, Section 170(a), which provides as follows:

'No person shall drive a motor vehicle at such a slow speed as to impede the normal and reasonable movement of traffic except when reduced speed is necessary for safe operation or in compliance with law.'

You are further instructed that Trinidad L. Garcia, as well as the whole public, was charged in law with knowledge of this safety provision.

## VII.

You are instructed that the Texas Legislature has established a uniform standard of safe conduct in Article 6701d, Section 52(b) as follows:

'Upon all roadways any vehicle proceeding at less than the normal speed of traffic at the time and place and under the conditions then existing shall be driven in the right-hand lane then available for traffic or as close as practicable to the right-hand curb or edge of the roadway, except when overtaking and passing another vehicle proceeding in the same direction or when preparing for a left turn at an intersection or into a private road or driveway.'

You are further instructed that Trinidad L. Garcia, as well as the whole public, was charged in law with knowledge of this safety provision."

■ Although the appellant has assigned error to the submission of the challenged instructions based upon both the legal and factual insufficiency of the evidence, the correct rule for submission in that regard depends upon only the legal sufficiency of the evidence. In other words, an instruction is proper if it has support of any evidence of probative value. *Mejia v. Liberty Mut. Ins. Co.*, 544 S.W.2d 690 (Tex.Civ.App. —Houston [14th Dist.] 1976, no writ); Rule 277, T.R.C.P.

The record, which includes a statement of facts and fifteen photographs taken at the scene of the accident shortly after the occurrence indicates that about 9:15 p. m. on December 14, 1974, appellant, Garcia, along with her friend, Mrs. Pena, and her sister-in-law, Mrs. Lara, were driving home to Corpus Christi, Texas, from Edroy, Texas via Interstate Highway 37. Mrs. Pena rode in the front seat with appellant and Mrs. Lara rode in the back seat. There were occasional patches of fog that evening, but the roads were dry and generally unobstructed except for a bridge and a gradual left-hand bend in the road prior to the scene of the accident. The speed limit was 55 m. p. h. at all places applicable to this action.

Garcia was travelling on the southbound half of the highway in the right-hand lane when she observed a car on the right-hand shoulder of the road with its left taillight blinking, preparing to enter the travelled portion of the highway. In order to avoid this hazard, Garcia moved over into the left land and continued driving in this lane approximately one minute. Then, according to Garcia, a large truck passed "very fast" on her right. At that same moment Garcia heard a loud noise, realized she had been hit from the rear and stopped her car in the left lane where she had been travelling. Garcia admitted that she did not know how fast her car was moving at the time of the accident but guessed that it was going 50 m. p. h. There was no testimony that Garcia slammed on her brakes prior to the accident and she didn't know if she applied her brakes after the accident.

Appellee, Mrs. Prescott, was also travelling south on Interstate 37 prior to the accident. She stated that she was travelling between 50 and 55 m. p. h. and occasionally slowed down for patches of fog.

She testified that she was passing other vehicles from time to time prior to the accident, and was driving with her lights on low beam. Immediately prior to the accident she was travelling in the left lane of southbound traffic and passed a car occupied by two of the testifying witnesses, Dolores Lopez and Leticia DeAnda. After passing the Lopez automobile she observed the taillights of the Garcia automobile. Prescott stated that the Garcia automobile appeared to be "stopped or going very slowly" so she "jammed on the brake." Her car skidded about 85 feet before it turned to the left, travelled sideways, smashed its right side into the left rear-end of the Garcia auto and then jumped over an eight inch high concrete median and stopped in the northbound lane of Interstate Highway 37.

Officer Wauson, who investigated the accident, stated that he arrived at the scene about 10 minutes after it happened. He identified the photographs in evidence and explained that point of impact of the automobiles was marked by a gouged out area in the asphalt in the center of the left lane. Based upon the fact that the Garcia auto came to a stop only nine feet eight inches from the point of impact and upon his investigative experience he estimated that:

> "The vehicle [Garcia] couldn't have been travelling any faster than ten or twenty miles an hour."

The other testifying witnesses, Lopez and DeAnda, testified that a short while before the accident, their car was travelling about 45 to 50 m. p. h. in the left hand lane of the southbound traffic on Interstate Highway 37. At this time, Lopez turned around to see the Prescott vehicle rapidly approaching and told her son-in-law, who was driving their car, to pull over into the right lane to avoid an accident. They testified he did so just as the Prescott auto passed them doing between 60 to 70 m. p. h. DeAnda testified, though, that Prescott could have been going only 60 m. p. h. Lopez' son-in-law then slowed down, observed the impending accident between Prescott and Garcia, heard the screeching of Prescott's tires, saw the accident, and pulled his car onto the shoul-

der. At the time Lopez saw the Garcia automobile, she estimated that it was travelling 45 m. p. h. in spite of the fact that the Lopez auto was overtaking the Garcia automobile as the Lopez automobile was slowing down from 45 m. p. h.

█ We find that the evidence is legally sufficient to support the court's instructions VI and VII. *Mejia v. Liberty Mut. Ins. Co.*, supra. Further, we find that the evidence is both legally and factually sufficient to support the jury's answers to the contributory negligence issues. It appears that the flow of traffic on Interstate Highway 37 was somewhere between 45 and 60 m. p. h. We think slowing down to 10 to 20 m. p. h. in a left-hand lane was not such a speed as a person using ordinary care would have chosen under those circumstances. *Southwestern Bell Telephone Company v. Thomas*, 554 S.W.2d 672 (Tex.Sup.1977). Appellant's points 1 through 12, 25 and 26 are overruled.

█ Appellant's points 13 through 24 contend that the jury's answers to the lookout, failure to turn right, travelling at an unsafe speed, and failure to apply the brakes were against the great weight and preponderance of the evidence and were actually established as a matter of law. We disagree. We find the evidence shows that Prescott was not keeping an improper lookout on the night in question. As to failure to turn right, the evidence indicates that there were other vehicles to the right of the Prescott car which created a very real danger in the event of a right turn. Regarding the unsafe speed, it was Prescott's testimony that she was travelling 50 to 55 m. p. h. in a 55 m. p. h. speed zone. Lopez and DeAnda testified that she was going between 60 and 70 m. p. h. But, it should be noted that the Lopez automobile was travelling only 45 to 50 m. p. h. and that DeAnda admitted that Prescott might have been only travelling 60 m. p. h.

Finally, concerning failure to apply the brakes, there is evidence in the record which shows that Prescott used her brakes as soon as she saw the Garcia vehicle and did everything she could to avoid striking

the appellant. Appellant's points 13 through 24 are overruled.

Appellant's points 27, 28, and 29 urge there was no evidence and insufficient evidence to support instruction V which read:

"V

An occurrence may be an unavoidable accident, that is, an event not proximately caused by the negligence of any party to it."

We cannot agree.

 Whether or not the theory of unavoidable accident is raised by the evidence is to be determined by viewing the evidence in a light most favorable to presenting the theory. *Kuykendall v. Doose*, 260 S.W.2d 435, 437 (Tex.Civ.App.—Amarillo 1953, writ ref'd n. r. e.); 7 Tex.Jur.2d Rev. Part 2, Automobiles § 496 (1975). Physical conditions which may give rise to an unavoidable accident include: Fog, snow, sleet, wet or slick pavement, or an obstruction of the road. *Yarborough v. Berner*, 467 S.W.2d 188, 191 (Tex.Sup.1971). Both Mrs. Prescott and Mrs. Lopez testified that there was intermittent fog along the highway that night. Officer Wauson and Mrs. DeAnda also testified that there was a left-hand curve in the road leading to the scene of the accident. In fact, Mrs. DeAnda stated that she was unable to see the Garcia automobile until they rounded the curve. See *Mays v. Smith*, 95 S.W.2d 1342 (Tex.Civ.App.— Beaumont 1936, writ dism'd). While there was other testimony that there was no fog at the time of the accident and that the curve in the road would not have anything to do with the accident, we think the evidence was sufficient to justify an instruction on unavoidable accident. In this connection, the right of such submission is to be viewed as of the time the issues were submitted and should not be dependent upon how the jury may have answered questions of negligence and contributory negligence. *Wichita Transit Co. v. Sanders*, 214 S.W.2d 810, 813 (Tex.Civ.App.—Ft. Worth 1948, no writ).

Even if we assume that there was error in submission of the instruction on unavoidable accident, the error was harmless in the absence of a finding of primary negligence on the part of the defendant. *Rhodes v. Liberty Welding Works*, 391 S.W.2d 796 (Tex.Civ.App.—Beaumont 1965, ref'd n. r. e.); Rule 434, T.R.C.P. Appellant's points 27, 28 and 29 are overruled.

The judgment of the trial court is affirmed.