Alma Elaine NOVAK, Appellant,

v.

O.W. SCHELLENBERG, et al., Appellees.

No. 13–86–157–CV.

Court of Appeals of Texas, Corpus Christi.

Sept. 30, 1986.

Gary J. Schroeder, Perkins, Dreyer, Rather & Schroeder, Gonzales, for appellant.

Thomas K. Robinson, Miller, Miller, Robertson & Whalen, Gonzales, for appellees.

Before NYE C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

In 1967, appellees O.W. and Icie Schellenberg executed a deed of gift to their daughter, appellant Alma Elaine Novak. The instrument gave a one-third undivided interest in the family farm to appellant Novak (the daughter) and a two-thirds undivided interest to appellant as trustee for her two brothers. The gift deed reserved a life estate in appellees (the mother and father). In 1981, appellees executed an instrument which, in consideration for the love and affection they bore appellant, their daughter, conveyed their life estate to her, individually and as trustee for her brothers, in the same portions as the 1967 gift. In 1983, the mother and father filed suit against their daughter, seeking to set aside the 1981 life estate conveyance and to remove her as trustee under the 1967 conveyance. The daughter appeals from a

judgment favorable to appellees.[1] We affirm.

Appellant first attacks the portion of the judgment which sets aside the 1981 life estate conveyance. She contends the evidence did not warrant submission of an issue to the jury inquiring whether O.W. and Icie Schellenberg were unduly influenced in executing that instrument. Appellant's argument is that, although both appellees directly testified that appellant lied to them concerning the contents of the 1981 conveyance, no evidence showed that the minds of the appellees were subverted to the will of appellant. Appellant then concludes that the evidence, if anything, shows only fraud and misrepresentation.

■ A special issue is properly submitted to the jury if it has any support in the evidence. *Gomez v. Franco*, 677 S.W.2d 231, 234–35 (Tex.App.—Corpus Christi 1984, no writ); *Garcia v. Prescott*, 570 S.W.2d 562, 565 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.); TEX.R. CIV.P. 277. In a suit to invalidate an instrument, fraud in the inducement and undue influence are treated as one in Texas, the rule being that undue influence is merely a species of fraud. *Curry v. Curry*, 153 Tex. 421, 270 S.W.2d 208, 214 (1954); *Finch v. McVea*, 543 S.W.2d 449, 452 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.).

Appellant cites *Rothermel v. Duncan*, 369 S.W.2d 917 (Tex.1963), as support for her contention that the subverting or overpowering of the grantor's will is an essential element in proving undue influence. However, *Rothermel* also states at 922:

Influence that was or became undue may take the nature of, but is not limited to force, intimidation, duress, excessive importunity or deception used in an effort to overcome or subvert the will of the maker of the testament and induce the execution thereof contrary to his will. The courts of Texas treat the exertion of such influence in the execution of a dis-

positive instrument as a species of legal fraud. See: *Curry v. Curry*, supra.

■ O.W. Schellenberg testified, as did Icie Schellenberg (by deposition), that appellant induced them to convey away their right to live on the family farm by representing that she needed their signatures for a $25.00 hospital bill. Appellee Icie Schellenberg was blind and hospitalized, and was suffering from various maladies, including a stroke that had paralyzed her left side. Appellee O.W. Schellenberg testified that he signed a blank piece of paper and even paid the twenty-five dollars on the spot. A great deal of testimony, including some from appellant, established that appellees looked to their daughter to handle the financial burdens arising from the incompetency of appellant's two brothers and the infirmities of appellant's mother. This evidence is sufficient to uphold not only the submission of the issue on undue influence, but also the jury's answer in favor of appellees.

Appellant also attacks the action of the trial court in removing her as trustee for her brothers under the 1967 deed of gift. She contends that, since no issue as to her capacity to serve as trustee was submitted to the jury, appellee's cause of action was waived. We disagree.

■ Under former article 7425b–39 (now TEX.PROP.CODE ANN. § 113.082 [Vernon 1984]), the *court* may remove a trustee on grounds that the court, in its discretion, deems necessary and proper. *Akin v. Dahl*, 661 S.W.2d 911, 913 (Tex.1983). If an issue of fact exists concerning alleged improper conduct of a trustee, however, that issue is properly submitted to the jury. *See id.; Beaty v. Bales*, 677 S.W.2d 750, 758 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.); *cf. Yturri v. Yturri*, 504 S.W.2d 809 (Tex.Civ.App.—San Antonio 1973, no writ) (reversing summary judgment denying removal of trustee because issues of material fact existed).

■ Here, the jury found that appellant had engaged in undue influence with re-

---

**1.** Icie Schellenberg died prior to trial and a suggestion of death was filed. The trial court found that the wife's cause of action survived in

favor of her husband. The judgment did not purport to give her any relief.

spect to the trust property. The appellant admitted on the stand that she had never posted a bond as required by former article 7425b–25 (now TEX.PROP.CODE ANN. § 113.058(b) Vernon 1984). Appellant also admitted that she had not paid a judgment of over $8,800.00 that was entered against her after she was removed as guardian for her two brothers, the beneficiaries under the trust. She also admitted to transferring money belonging to her parents from a joint account to her separate account. Based on this undisputed evidence, no issue as to cause for removing appellant was required for the jury's decision.

█ Not only is the evidence supporting removal undisputed, appellant did not object to the alleged error in the court's charge, nor did she submit a correct issue for the court's consideration. No error is preserved for review. *See Hernandez v. Montgomery Ward & Co.*, 652 S.W.2d 923, 924–25 (Tex.1983); *Breithaupt v. Navarro County*, 675 S.W.2d 335, 339 (Tex.App.—Waco 1984, writ ref'd n.r.e.); *Caterpillar Tractor Co. v. Boyett*, 674 S.W.2d 782, 788–89 (Tex.App.—Corpus Christi 1984, no writ). Appellee's pleadings supported the trial court's action. We hold that the trial court did not err in removing appellant as trustee.

The judgment of the trial court is affirmed.