NUMBER 13-02-337-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


BRYAN LEE HOLMES, AS

INDEPENDENT ADMINISTRATOR

OF THE ESTATE OF FRANCES K.

SNYDER, DECEASED, AND AS

TRUSTEE OF THE FRANCES K.

SNYDER TRUST, Appellant,


v.



ROBERT R. FURGASON AND

TEXAS A & M - CORPUS CHRISTI

FOUNDATION, INC., Appellees.

 


On appeal from the 214th District Court of Nueces County, Texas.


 

O P I N I O N



Before Justices Yañez, Castillo, and Garza


Opinion by Justice Yañez


 

 Bryan Lee Holmes, appellant and independent administrator of the estate of Francis
K. Snyder, challenges the trial court's summary judgment in favor of Robert R. Furgason
and the Texas A&M-Corpus Christi Foundation (the Foundation), appellees. We reverse.

I. Background

 The underlying proceeding is a suit to set aside a two-million-dollar gift from Francis
K. Snyder, deceased, to the Foundation. Snyder was 99 years old at the time the gift was
made. It was the second largest gift ever given to the Foundation.

 Holmes filed suit against Furgason, President of Texas A&M-Corpus Christi, and
the Foundation, alleging that Snyder was mentally incompetent at the time she made the
gift. The lawsuit alleged causes of action for lack of mental capacity, undue influence,
fraud, conversion, breach of fiduciary duty, constructive trust, constructive fraud,
conspiracy, and intentional infliction of emotional distress.

 Furgason filed a traditional motion for summary judgment as to each cause of
action. The trial court granted Furgason's motion on all grounds. The Foundation filed
traditional and no-evidence motions for summary judgment as to each cause of action. 
The trial court granted the Foundation's no-evidence motion on every ground except lack
of mental capacity. That remaining cause of action was severed.

 In this appeal, Holmes challenges the granting of Furgason and the Foundation's
motions for summary judgment only as to the causes of action for undue influence, fraud,
and constructive trust.

II. Standard of Review

 When reviewing traditional summary judgments, (1) the standard is whether the
successful movant at trial carried the burden of showing that there is no genuine issue of
material fact and that judgment should be granted as a matter of law. M.D. Anderson v.
Willrich, 28 S.W.3d 22, 23 (Tex. 2000); Am. Tobacco Co., Inc. v. Grinnell, 951 S.W.2d
420, 425 (Tex. 1997). In resolving the issue of whether the movant has carried this
burden, all evidence favorable to the non-movant must be taken as true and all reasonable
inferences, including any doubts, must be resolved in the non-movant's favor. Willrich, 28
S.W.3d at 23-24.

 When reviewing no-evidence summary judgments, the movant does not bear the
burden of establishing each element of its own claim or defense. See Tex. R. Civ. P.
166a(i). Rather, the burden shifts to the non-movant to present evidence raising a genuine
issue of material fact in support of the challenged elements. See Michael v. Dyke, 41
S.W.3d 746, 750-51 (Tex. App.-Corpus Christi 2001, no pet.); see also City of Houston
v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). We apply the same legal
sufficiency standard in reviewing a no-evidence summary judgment as we apply in
reviewing a directed verdict. Zapata v. Children's Clinic, 997 S.W.2d 745, 747 (Tex.
App.-Corpus Christi 1999, pet. denied). We review the evidence in the light most
favorable to the party against whom the summary judgment was rendered, disregarding
all contrary evidence and inferences. Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d
706, 711 (Tex. 1997). A no-evidence summary judgment is improper if the respondent
brings forth more than a scintilla of probative evidence to raise a genuine issue of material
fact. Havner, 953 S.W.2d at 711. More than a scintilla of evidence exists when the
evidence rises to a level that would enable reasonable and fair-minded people to differ in
their conclusions. Id.

III. Applicable Law

 "The rules guiding determination of the existence of undue influence apply
substantially alike to wills, deeds, and other instruments." Bradshaw v. Nauman, 528
S.W.2d 869, 871 (Tex. Civ. App.-Austin 1975, writ dism'd); see DeGrassi v. DeGrassi,
533 S.W.2d 81, 85 (Tex. Civ. App.-Amarillo 1976, writ ref'd n.r.e.); Bounds v. Bounds, 382
S.W.2d 947, 950 (Tex. Civ. App.-Amarillo 1964, writ ref'd n.r.e.); Self v. Thornton, 343
S.W.2d 485, 487 (Tex. Civ. App.-Texarkana 1960, writ ref'd n.r.e.).

 Before a gift instrument can be set aside because of undue influence, the contestant
must prove: (1) the existence and exertion of an influence; (2) the effective operation of
that influence so as to subvert or overpower the donor's mind at the time of the execution
of the instrument; and (3) the execution of an instrument that the maker would not have
executed but for such influence. See Estate of Graham, 69 S.W.3d 598, 609 (Tex.
App.-Corpus Christi 2001, no pet.) (citing Rothermel v. Duncan, 369 S.W.2d 917, 922
(Tex. 1963)).

 "Courts have long recognized that the exertion of influence that was or became
undue is usually a subtle thing and by its very nature usually involves an extended course
of dealings and circumstances." Id. (citing Rothermel, 369 S.W.2d at 922). "Thus, it may
be proved by circumstantial evidence." Id. (citing Rothermel, 369 S.W.2d at 922). The
evidence of undue influence is sufficient, even if none of the circumstances standing alone
would be sufficient to show the elements of undue influence, when the circumstances,
considered together, produce a reasonable belief that an influence was exerted that
subverted or overpowered the mind of the donor and resulted in the execution of the
instrument in controversy. See id. (citing Rothermel, 369 S.W.2d at 922-23).

 When determining whether undue influence exists in a particular case, the following
factors are considered: (1) the nature and type of relationship existing between the donor,
the contestants, and the party accused of exerting such influence; (2) the opportunities
existing for the exertion of the type of influence or deception possessed or employed; (3)
the circumstances surrounding the drafting and execution of the instrument; (4) the
existence of a fraudulent motive; (5) whether there has been a habitual subjection of the
donor to the control of another; (6) the state of the donor's mind at the time of the
execution of the instrument; (7) the donor's mental or physical incapacity to resist or the
susceptibility of the donor's mind to the type and extent of the influence exerted; (8) words
and acts of the donor; (9) weakness of the mind and body of the donor, whether produced
by infirmities of age or by disease or otherwise; and (10) whether the instrument executed
is unnatural in its terms of disposition of property. See id. at 610 (citing Rothermel, 369
S.W.2d at 923).

 "Although a contestant may prove undue influence by circumstantial evidence, the
evidence must be probative of the issue and not merely create a surmise or suspicion that
such influence existed at the time the will was executed." Id. (citing Rothermel, 369
S.W.2d at 922). "[T]he circumstances relied on as establishing the elements of undue
influence must be of a reasonably satisfactory and convincing character, and they must not
be equally consistent with the absence of the exercise of such influence." Id. at 609 (citing
Rothermel, 369 S.W.2d at 922-23).

 "A fact issue is raised by circumstantial evidence if, from the evidence, a reasonable
person would conclude that the existence of the facts is more reasonable than its
nonexistence." Estate of Murphy, 694 S.W.2d 10, 12 (Tex. App.-Corpus Christi 1984, writ
ref'd n.r.e.). "All that is required is that the circumstances point to ultimate facts sought to
be established with such a degree of certainty as to make the conclusion reasonably
probable." Id. (citing Smith v. Tenn. Life Ins. Co., 618 S.W.2d 829, 834 (Tex. Civ.
App.-Houston [1st Dist.] 1981, no writ).

IV. Analysis

A. Undue Influence

 Holmes first contends the trial court erred in granting appellees' motions for
summary judgment on undue influence. We agree. When the circumstances of this case
are considered together, they produce a reasonable belief of undue influence, even though
none of the circumstances of this case standing alone would be sufficient to show its
elements. See Estate of Graham, 69 S.W.3d at 609 (citing Rothermel, 369 S.W.2d at
922).

 Furgason had the opportunity to exert undue influence, as he has admitted to
private meetings with Snyder prior to the gift instrument's execution. Snyder's friend,
accountant, attorney, nurse, and four doctors all state she was mentally incapacitated
during the time period in which the instrument was signed. The two-million-dollar gift was
originally drafted by Snyder's attorney to be for one million dollars. The final version of the
instrument was prepared by Furgason. Furgason presented the instrument to Snyder to
sign without any of her familial, legal, or financial representatives present. Contrary to her
usual practice when transferring trust funds, Snyder did not sign the instrument as a
trustee. The size of the gift left Snyder with little funds in comparison. After the
instrument's execution, another attorney for Snyder wrote to the Foundation to question
the gift, its improvidence, and the financial situation in which it left her.

 These circumstances point to the ultimate facts with a degree of certainty that make
the elements of undue influence reasonably probable. See Estate of Murphy, 694 S.W.2d
at 12 (citing Smith, 618 S.W.2d at 834). Thus, Holmes raised a fact issue because the
existence of undue influence is more reasonable than its nonexistence. See id.

 Furgason did not meet his summary judgment burden of showing that there is no
genuine issue of material fact regarding undue influence and that judgment should be
granted as a matter of law. Thus, the trial court erred by granting summary judgment to
Furgason on undue influence. In addition, Holmes met his burden to overcome a no-evidence summary judgment by presenting evidence that raised a genuine issue of
material fact in support of the elements of undue influence. Thus, the trial court also erred
by granting summary judgment to the Foundation on undue influence. This issue is
sustained.

B. Fraud

 Holmes next contends the trial court erred in granting appellees' motions for
summary judgment as to fraud. "In a suit to invalidate an instrument, fraud in the
inducement and undue influence are treated as one in Texas, the rule being that undue
influence is merely a species of fraud." Novak v. Schellenberg, 718 S.W.2d 822, 824 (Tex.
App.-Corpus Christi 1986, no writ) (citing Curry v. Curry, 153 Tex. 421, 270 S.W.2d 208,
214 (1954)). "Even though undue influence is a species of fraud, evidence will not support
a legal conclusion of undue influence . . . unless it will support a legal conclusion of fraud." 
Finch v. McVea, 543 S.W.2d 449, 452 (Tex. Civ. App.-Corpus Christi 1976, writ ref'd
n.r.e.) (citing Curry, 270 S.W.2d at 214). We hold, therefore, that the genuine issues of
material fact raised regarding undue influence also support the appellant's cause of action
for fraud. The trial also erred by granting summary judgment to Furgason and the
Foundation as to fraud. This issue is sustained.C. Constructive Trust

 Finally, Holmes contends the trial court erred in granting appellees' motions for
summary judgment as to constructive trust. We agree.

 "Constructive trusts are remedial in character and have the broad function of
redressing wrong or unjust enrichment in keeping with the basic principles of equity and
justice." Castano v. Wells Fargo Bank, 82 S.W.3d 40, 43 (Tex. App.-San Antonio 2002,
no pet.) (citing Ginther v. Taub, 675 S.W.2d 724, 728 (Tex. 1984)). More specifically, a
"[c]onstructive trust is an equitable remedy that is imposed upon property obtained by
fraudulent means." Estate of Graham, 69 S.W.3d at 602 n. 1 (citing Thigpen v. Locke, 363
S.W.2d 247, 250 (Tex. 1962)). "In general, whenever legal title to property, real or
personal, has been obtained through . . . undue influence . . . , equity impresses a
constructive trust on the property thus acquired in favor of the one who is truly and
equitably entitled to the same." Fitz-Gerald v. Hull, 150 Tex. 39, 237 S.W.2d 256, 262-63
(1951).

 Because we have held already that a fact issue remains regarding undue influence,
a constructive trust may be an appropriate remedy. This issue is sustained.

D. Estoppel and/or Ratification

 The Foundation contends this Court should address its affirmative defenses of
estoppel and ratification if we sustain any of appellant's issues. We disagree.

 The Foundation's motion for summary judgment included these affirmative defenses
and both were expressly denied. The Foundation subsequently filed a cross-notice of
appeal.

 "The general rule is that appellate courts do not have jurisdiction to hear denied
motions for summary judgment . . . ." Hines v. Comm'n for Lawyer Discipline, 28 S.W.2d
697, 700 (Tex. App.-Corpus Christi 2000, no pet.) (citing Ackermann v. Vordenbaum, 403
S.W.2d 362, 365 (Tex. 1966)); see Highlands Mgmt. Co., Inc. v. First Interstate Bank of
Tex., 956 S.W.2d 749, 752 (Tex. App.-Houston [14th Dist.] 1997, pet. denied). The
Foundation neither cites authority nor offers any compelling reason why we should deviate
from this rule. Accordingly, we dismiss the Foundation's cross-appeal for want of
jurisdiction.V. Conclusion

 We sustain Holmes' issues regarding undue influence, fraud, and constructive trust. 
We dismiss the Foundation's cross-appeal. The judgment of the trial court is reversed. 
The case is remanded to the trial court for further proceedings.


 

 LINDA REYNA YAÑEZ

 Justice





Opinion delivered and filed this the

29th day of August, 2003.

1. See Tex. R. Civ. P. 166a(c).